# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 525-2015-00122 |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Patrice J. Williams** | Redacted | Redacted |

| Street Address | City, State and ZIP Code |
|---|---|
| Redacted          **Lockport, NY 14094** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **NEW YORK STATE GAMING COMMISSION** | **500 or More** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **Po Box 2524,  Niagara Falls, NY 14302** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

| | | | | | Earliest | Latest |
|---|---|---|---|---|---|---|
| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN | **10-14-2014** | **10-14-2014** |
| ☐ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | | | |
| ☐ OTHER (Specify) | | | | | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have worked for Respondent since 2002.  My current position is Senior Gaming Inspector.

Throughout my employment, I have been subject to different terms and conditions of employment than that of male coworkers.  Specifically, I have been denied shift changes, training opportunities, and promotion granted to male coworkers.  Most recently, in or around August 2014, I applied for the position of Supervising Gaming Operations Inspector.  On or about September 10, 2014, I and another female candidate traveled to Schenectady for an interview for the position.  Upon information and belief, On or about September 3, 2014, 2 male coworkers also traveled to Schenectady for interviews.  Art Askins, Indian Gaming Manager and one of two individuals who conducted the interviews, not only gave the males a tour of the office but also took the male candidates to lunch.  The same treatment was not afforded to female candidates upon completion of their interviews.  In or around October 2014, a male coworker, Gary Bevilaqua, stated that he wasn't going to work for a "fucking woman" and that I "didn't stand a chance for promotion."  On or about October 14, 2014, I

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| _11/10/14_     _Patrice J. Williams_  Date          Charging Party Signature | _Patrice J. Williams_ SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  _11/10/14_ |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2015-00122 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

was called by Askins and advised that I did not get the job and that the position was given to Brian Mauer. I stated to Askins "Are you telling me they chose a male over three more qualified females? He has no supervisory experience." Askins then stated that Mauer had been being groomed for the position by the previous Supervisor Jack Coppolla. I complained to Askins that I had not been afforded the same type of "grooming" or training that had been provided to Mauer and that I found this discrimination. Upon information and belief, Mauer has been unofficially performing the duties and responsibilities of the supervisory position at least as far back as July 2014 if not before. Although I raised these concerns to Askins, to date nothing has been done to investigate my concerns. Finally, I was told by coworker Tonya Stephenson that Supervisor Daryll Thompson that I was rated #1 for the position. Upon Information and belief, no female holds this position throughout New York State.

I believe I and other females have been denied promotion, training, and other equal terms and conditions of employment because of my gender female in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11/10/14  *Patricie J Williams*
Date   Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
*Patricie J Williams*
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*
11/10/14

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms. Amanda Hoffman<br>Human Resources<br>NEW YORK STATE GAMING COMMISSION<br>PO Box 7500<br>Schenectady, NY 12301 | **Patrice J. Williams** |

| THIS PERSON (check one or both) | |
|---|---|
| X | Claims To Be Aggrieved |
| | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**525-2015-00122**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by to
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Maureen  Kielt,**<br>**Investigator**<br><br>*EEOC Representative*<br><br>*Telephone*   **(716) 551-3089** | **Buffalo Local Office**<br>**6 Fountain Plaza**<br>**Suite 350**<br>**Buffalo, NY 14202**<br>**Fax: (716) 551-4387** |
|---|---|

Enclosure(s):  [ ] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [X] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

**ISSUES:** Harassment, Promotion, Terms/Conditions, Training

**DATE(S) (on or about):  EARLIEST:  10-14-2014   LATEST:  10-14-2014**

| Date<br><br>**November 10, 2014** | Name / Title of Authorized Official<br><br>**John E. Thompson,**<br>**Local Office Director** | Signature<br><br>*John E. Thompson Jr* |
|---|---|---|

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Ms. Amanda Hoffman<br>Human Resources<br>NEW YORK STATE GAMING COMMISSION<br>PO Box 7500<br>Schenectady, NY 12301 | PERSON FILING CHARGE<br><br>**Patrice J. Williams**<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**525-2015-00122** |

*FILE COPY*

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **17-DEC-14** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **17-DEC-14** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Maureen  Kielt,**<br>**Investigator**<br><br>*EEOC Representative*<br><br>*Telephone*   **(716) 551-3089** | **Buffalo Local Office**<br>**6 Fountain Plaza**<br>**Suite 350**<br>**Buffalo, NY 14202**<br>**Fax: (716) 551-4387** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [X] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

## See enclosed copy of charge of discrimination.

| Date<br><br>**November 26, 2014** | Name / Title of Authorized Official<br><br>**John E. Thompson,**<br>**Local Office Director** | Signature<br><br>*John E. Thompson Jr* |

Enclosure with EEOC
Form 131 (11/09)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 525-2015-00597 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Patrice J. Williams** | Redacted | Redacted |

Street Address                                    City, State and ZIP Code

Redacted          **Lockport, NY 14094**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **NEW YORK STATE GAMING COMMISSION** | **500 or More** | |

Street Address                                    City, State and ZIP Code

**Po Box 2524,  Niagara Falls, NY 14302**

RECEIVED

| Name | No. Employees, Members | Phone No. *(include Area Code)* |
|---|---|---|
| | | |

AUG 2015

Street Address                                    City, State and ZIP Code

E.E.O.C. BULO

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05-20-2015**    Latest **08-10-2015**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I previously filed EEOC Charge 525-2015-00122 on November 10, 2014.  Shortly after I filed the charge, Respondent re-posted a job for Site Supervisor. The original posting was pulled after it was determined that it had not been approved by Civil Service (as well as my and another coworker's objections).  I was not interviewed again for the position.  Upon information and belief, I had been the top candidate for the position.  The position was awarded to a younger male employee with less experience than me.  Additionally, upon information and belief, the individual selected, Brian Maurer embellished his qualifications and experience as a supervisor as evidenced in a fact Finding Conference in the EEOC offices on or about May 4, 2015.  Additionally, starting in or around June 2013 up to his awarding of the position, Maurer received training on updating TAS and LATS timekeeping systems, met with the Site Supervisor regarding key control observations, reviewed monthly audit reports.  Most recently, Maurer reviewed and emailed requested documentation to State Police Investigators, training an Inspector on Section 2 of the Training Manual, reviewed reports from the Inspector, reviewed December audit reports and generated report for supervisor review, scanned documents for Meal audits, destroyed (shredded) outdated reports and records, attended supervisor meetings, planned carpet replacement for the office, reviewed resumes for applicant interviews and conducted said interviews with Supervisors Art Askins and Darrell Thompson, scheduled applicants for interviews,

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 18, 2015          *(signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

ZACHARY WEINER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
Commission Expires August 15,

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | E.E.O.C. BULO<br>[X] EEOC | 525-2015-00597 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

reviewed and dealt with all patron complaints and has met with other Site Supervisors and the Vice President of Seneca Niagara Casino, as well as various other supervisory duties. Although Respondent claims that Maurer "volunteered" to assist Respondent in the supervisory duties while the selection process for Site Supervisor was taking place, this opportunity was not offered to any female employee, even after I and other females questioned why we were not provided the same opportunities. It is clear that Respondent was training and preparing Maurer for the Site Supervisor position without providing a fair and impartial opportunity for female employees that expressed interest in gaining the same opportunities afforded to Maurer.

On or about May 21, 2015, Maurer listed his old position for bidding. The bid stated that it would be filled by Seniority and contrary to all previous historical bids for the "E line" floater position, the bid stated that the shift was NOT strictly a Senior or Inspector. In fact this position has always been filled by a Senior Inspector. If Respondent followed previous precedent in filling the job, I would finally be allowed an opportunity to obtain a day shift position after 12 years on the job. I believe the terms and conditions of this bid were changed in retaliation for my filing a previous EEOC charge and for challenging discriminatory behavior of the Respondent regarding the award of Site Supervisor Brian Maurer and because of my gender/female. Additionally, Maurer admitted in an EEOC Fact Finding Conference that former Site Supervisor Coppolla floated your position every Saturday for 7 months to the "B" line even though there was no agency need or vacancy in that shift for that day. I was advised by Maurer that that same opportunity would not be afforded to me. I turned down the position for this reason. Additionally I believe that the position was awarded to a less qualified female, instead of the next qualified individual whom was male, as pretext to protect the Respondent in this appointment.

On or about August 4, 2015, Maurer sent an email advising that he was anticipating taking about 2 weeks leave later in August. On or about August 8, 2015, I sent an email to Supervisor Art Askins requesting clarification as to why a Sr. Gaming Inspector was not being provided the opportunity to perform his duties in his absence; those same opportunities afforded to Maurer under similar circumstances. On or about August 10, 2015, I received an email from Supervisor Askins that stated "As a result of your EEOC complaint, it has come to our attention that even the mere selection of a person to perform supervisor duties may expose our agency to discrimination charges." it went on to say "rather than expose our agency to further liability or create additional processes, no one will be given supervisory duties on a temporary basis and management will use existing management personnel to fill those duties on a temporary basis." This action is contrary to Respondent's most recent posting dated June 24, 2015 for Senior Gaming Operations Inspector, Grade 17. The posting clearly states that the "Senior Gaming Operations Inspector will perform the more difficult assignments, and may be asked to supervise in the absence of the Supervising Gaming Inspections Inspector." I believe that this is retaliatory due to my and other females filing EEOC charges. Additionally, I believe this action creates a chilling effect in that it discourages other employees from coming forward and excising their rights under the law. Furthermore, this is evident in the fact that since filing our charges, I and another female employee have been ostracized by our peers.

I believe I have once again been denied an opportunity for a day shift as the most qualified individual to Site Supervisor because of my gender/female and then retaliated against by having the terms and conditions of the "R line" floater position changed to freeze me out of a more desirable shift; and additionally I believe I have been subject to unfair terms and conditions of employment offered to male employees and retaliated against for filing an EEOC Charge in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 18, 2015      *Patricie J Williams*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mark A. Stuart, Assistant Counsel<br>New York State Gaming Commission<br>One Broadway Center<br>PO Box 7500<br>Schenectady, NY 12301 | **Patrice J. Williams** |

THIS PERSON (check one or both)

| X | Claims To Be Aggrieved |
|---|---|
| | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.

**525-2015-00597**

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| [X] Title VII of the Civil Rights Act (Title VII) | [ ] The Equal Pay Act (EPA) | [ ] The Americans with Disabilities Act (ADA) |
|---|---|---|
| [ ] The Age Discrimination in Employment Act (ADEA) | [ ] The Genetic Information Nondiscrimination Act (GINA) | |

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have must be directed to:

| **Maureen  Kielt,**<br>**Investigator** | **Buffalo Local Office**<br>**6 Fountain Plaza**<br>**Suite 350** |
|---|---|
| *EEOC Representative* | **Buffalo, NY 14202** |
| *Telephone* **(716) 551-3089** | **Fax: (716) 551-4387** |

Enclosure(s): [ ] Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| [ ] Race | [ ] Color | [X] Sex | [ ] Religion | [ ] National Origin | [ ] Age | [ ] Disability | [X] Retaliation | [ ] Genetic Information | [ ] Other |
|---|---|---|---|---|---|---|---|---|---|

**ISSUES:** Filing EEO Forms, Promotion

**DATE(S):** (on or about):   EARLIEST: 05-20-2015   LATEST: 05-20-2015

| Date<br><br>**May 27, 2015** | Name / Title of Authorized Official<br><br>**John E. Thompson,**<br>**Local Office Director** | Signature<br><br>*John E. Thompson Jr* |
|---|---|---|

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

|  | PERSON FILING CHARGE |
|---|---|
| **NEW YORK STATE GAMING COMMISSION**<br>**PO Box 2524**<br>**Niagara Falls, NY 14302**　FILE COPY | **Patrice J. Williams** |
|  | THIS PERSON *(check one or both)* |
|  | [X] Claims To Be Aggrieved |
|  | [ ] Is Filing on Behalf of Other(s) |
|  | EEOC CHARGE NO.<br>**525-2015-00597** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)　　[ ] The Equal Pay Act (EPA)　　[ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)　　[ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **15-SEP-15** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Maureen Kielt,**
**Investigator**

*EEOC Representative*

*Telephone*　**(716) 551-3089**

**Buffalo Local Office**
**6 Fountain Plaza**
**Suite 350**
**Buffalo, NY 14202**
**Fax: (716) 551-4387**

Enclosure(s):　[X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race　[ ] Color　[X] Sex　[ ] Religion　[ ] National Origin　[ ] Age　[ ] Disability　[X] Retaliation　[ ] Genetic Information　[ ] Other

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **September 1, 2015** | **John E. Thompson,**<br>**Local Office Director** | *John E. Thompson Jr* |

Enclosure with EEOC
Form 131 (11/09)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# EXHIBIT C

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
Phone: (716) 431-5016
Fax: (716) 551-4387

John E. Thompson Jr.,
Director

# DETERMINATION

**Charging Party**                                    **Charge No: 525-2015-00122**
Patricia Williams
Redacted

**Respondent**
New York State Gaming Commission
PO Box2524
Niagara Falls, NY 14302

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Respondent New York State Gaming Commission is an employer within the meaning of Title VII. All requirements for coverage have been met.

Charging Party alleges that she has been denied training opportunities, shift changes, terms and conditions of employment provided to male coworkers, and promotion to Gaming Supervisor because of her gender/female.

Respondent denies discriminating against Charging Party stating that she worked a different shift, therefore her opportunities were limited because of her work hours. Respondent admits that the individual selected for the position, Brian Maurer, was afforded additional experiences not afforded to Charging Party and may have contributed to his standing in the interview process. Respondent goes on to say that it is considering succession planning including establishment of formal training assessable by all qualified employees to develop potential candidates equally. Respondent further admits that a male employee made the comment that he would not work for a "fucking woman" and that Charging Party didn't stand a chance for promotion. Respondent argues that these were stray comments that had no effect on the hiring process.

The Commission's investigation revealed that Brian Maurer did receive additional opportunities to train for a Supervisory position that were not afforded to females. Additionally, a review of the application and interview process shows that Charging Party was found to be the front runner for the position. The fact that a fellow employee made comments of a derogatory and discriminatory nature may not have had an effect on the hiring process, but clearly demonstrates

the work environment and its hostility towards female employees. When Maurer was officially assigned the Supervisor Position in October 2014, Charging Party asked Supervisor Art Askins why Maurer would be chosen over more qualified females, Askins replied that Maurer had been groomed for the position by his previous supervisor, Jack Coppolla.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent discriminated against Charging Party on the basis of her gender/female.

This determination is final. Title VII requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations. The confidentiality provisions of Section 107 of Title VII and Commission's Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or if the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.


On behalf of the Commission:


John E. Thompson Jr., Director
Buffalo Local Office

NOV 2 8 2018
_____
Date

# EXHIBIT D

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY  14202
Phone: (716) 431-5016
Fax: (716) 551-4387

John E. Thompson Jr.,
Director

# DETERMINATION

**Charging Party**                          **Charge No: 525-2015-00597**
Patricia Williams
Reda
cted

**Respondent**
New York State Gaming Commission
PO Box2524
Niagara Falls, NY 14302

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the
following determination on the merits of the subject charge filed under Title VII of the CiviL
Rights Act of 1964, as amended ("Title VII").    Respondent New York State Gaming
Commission is an employer within the meaning of Title VII. All requirements for coverage have
been met.

Charging Party alleges that she has been denied a day shift "E" line position due to retaliatory
terms and conditions of employment and that that she was denied the opportunity to fill in for the
Site Supervisor, because she is a female and because she filed a previous charge of
discrimination.

Respondent denies discriminating against Charging Party in that she failed to bid for the "E"
Line Floater position as required by the union contract.

The Commission's investigation revealed Respondent had historically filled the "E" line Floater
position with a Senior Gaming Inspector. The evidence shows that Maurer, who held the
position previously, was allowed a more flexible terms and conditions in the position as admitted
in a Fact Finding Conference on a previously filed charge. Respondent changed the terms of the
process, stating in an email dated May 28, 2015 that "the shift is not strictly a Senior or Inspector
position, but will be filled on the basis of Seniority." Due to the change in terms and conditions,
Charging Party turned down the position.

With regard to the ability to fill in for the Site Supervisor, Respondent's June 24, 2015 posting
for Senior Gaming Inspector states the position will perform more difficult assignments, and may
be asked to supervise in the absence of the Gaming Supervisor. Instead, Respondent's

supervisor Art Askins states in an email dated August 10, 2015 to Charging Party, "as a result of your EEOC complaint, it has come to our attention that just the mere selection of a person to perform supervisory duties will expose our agency to discrimination charges." So instead of developing a fair and equitable policy to provide supervisory experience to all eligible employees, Charging Party was punished by having the opportunity taken from her in retaliation for filling a previous charge of discrimination.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent discriminated against Charging Party on the basis of her gender/female and in retaliation for filing a previous charge of discrimination.

This determination is final. Title VII requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations. The confidentiality provisions of Section 107 of Title VII and Commission's Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or if the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

John E. Thompson Jr., Director
Buffalo Local Office

NOV 9 8 2015

Date

# EXHIBIT E

**U.S. Department of Justice**

Civil Rights Division

ESD:KDW:KLF
DJ 170-53-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp*

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7016 2140 0000 5581 3731
RETURN RECEIPT REQUESTED

**MAR – 7 2019**

Ms. Patrice Williams
Redacted

Re: Patrice Williams v. New York State Gaming Commission
EEOC Charge No. 525-2015-00122 & 525-2015-00597

Dear Ms. Williams:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Buffalo Local Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative files, please feel free to address your inquiry to: John E. Thompson, Jr., Director, EEOC, 6 Fountain Plaza, Ste. 350, Buffalo, NY 14202.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

By:

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc:     New York State Gaming Commission
Jessica A. Desany, Associate Counsel
EEOC, Buffalo Local Office

# EXHIBIT F

## Stuart, Mark (GAMING)

**From:** Askins, Arthur (GAMING)
**Sent:** Monday, August 10, 2015 8:02 AM
**To:** Stephenson, Tanya (GAMING)
**Cc:** Maurer, Brian (GAMING)
**Subject:** RE: Go-to person

Yes.  As a result of your EEOC complaint, it has come to our attention that even the mere selection of a person to perform supervisory duties may expose our agency to discrimination charges.  The process may be considered "grooming" a person for a role and therefore, such assignments must be done through a formal selection process that is non-discriminatory, according to EEOC Investigator Maureen Kielt.  Rather than expose our agency to further liability or create additional processes, no one will be given supervisory duties on a temporary basis and management will use existing management personnel to fill those duties on a temporary basis.

Furthermore, as noted in your EEOC, assigning temporary supervisory duties to senior inspectors is out-of-title work.  The Gaming Commission sees no emergency basis to assign this out-of-title work and therefore will prudently refrain from assigning such out of title work.

**From:** Stephenson, Tanya (GAMING)
**Sent:** Thursday, August 06, 2015 2:59 PM
**To:** Askins, Arthur (GAMING)
**Cc:** Williams, Patrice (GAMING); Nielsen, James (GAMING)
**Subject:** Go-to person

Art:

During  extended absences of Site Supervisor Coppola, Brian Maurer was made the "go-to person" and handled leave requests, scheduling, routine operations, and any emergency situations.  Can you explain why a Senior Inspector at this Site has not been chosen to perform those duties while Site Supervisor Maurer is off on leave?  As you are aware Mr. Askins, two SNC Senior Inspectors you interviewed for the Site Supervisor position already have extensive management experience and are seasoned Supervisors.  It would be a shame to not utilize the talent we already have in this office.

**Tanya Stephenson**
Senior Gaming Operations Inspector

**New York State Gaming Commission**
Seneca Niagara Casino Detail
310 4th St, Suite 101, Niagara Falls, NY  14302
716-284-5578 | 716-284-9431 (fax) | tanya.stephenson@gaming.ny.gov

www.gaming.ny.gov

**From:** Maurer, Brian (GAMING)
**Sent:** Tuesday, August 04, 2015 1:25 PM
**To:** Bevilacqua, Gary (GAMING); DeVantier, Nicole (GAMING); Furey, James (GAMING); Gardner, Pamela (GAMING); Stephenson, Tanya (GAMING); Tomaino, Nicholas (GAMING); Williams, Patrice (GAMING)